UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X     Case No.
KIMBERLY RODRIGUEZ,

               Plaintiff,                                                    **COMPLAINT**

   -against-                                                                  **Jury Trial Demanded**


NEW YOU BARIATRIC GROUP, LLC,
LONG ISLAND MINIMALLY INVASIVE SURGERY, P.C.
d/b/a NEW YORK BARIATRIC GROUP,
NYBG MANAGEMENT AGGREGATOR, LLC,
NYBG HOLDINGS, LLC, Dr. SHAWN GARBER M.D. and
VIJAY BACHANI,


               Defendants.
------------------------------------------------------------------X

      Plaintiff Kimberly Rodriguez ("Rodriguez") alleges against the Defendants New You Bariatric Group, LLC, Long Island Minimally Invasive Surgery, P.C. d/b/a New York Bariatric Group, NYBG Management Aggregator, LLC, NYBG Holdings, LLC, Dr. Shawn Garber and Vijay Bachani, upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Plaintiff Rodriguez brings this action against the Defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* ("Title VII") and the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.* ("NYSHRL") to recover the damages she sustained as the result of being discriminated against, and retaliated against on the basis of her sex/gender. In addition, Plaintiff Rodriguez seeks to recover the damages she suffered as the result of the Defendants' breach of contract.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims under Title VII pursuant to 28 U.S.C. § 1331 and 1343, because those claims arise under the laws of the United States. This Court has supplemental subject matter jurisdiction over Plaintiff's related NYSHRL claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district.

4.  On February 21, 2022, Plaintiff Rodriguez filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") against New Your Bariatric Group, LLC, Long Island Minimally Invasive Surgery, P.C. d/b/a New York Bariatric Group, NYBG Management Aggregator, LLC and NYBG Holdings, LLC (Charge No. 520-2022-03935). On September 7, 2022, EEOC issued Plaintiff Notice of Right to Sue (annexed hereto as Exhibit A).

5.  Plaintiff has exhausted administrative remedies, and any and all other prerequisites to the filing of this suit have been met.

## **THE PARTIES**

6.  Plaintiff Rodriguez was and is a resident of Westchester County, in the State of New York.

7.  The Defendant New You Bariatric Group, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of Delaware.

8.  The Defendant New You Bariatric Group, LLC was and is a foreign business corporation authorized to conduct business in the State of New York.

9.  The principal place of business of the Defendant New You Bariatric Group, LLC is Nassau County, in the State of New York.

10. The principal executive office of the Defendant New You Bariatric Group, LLC is located at 125 Mineola Avenue, Suite 200, Roslyn Heights, New York 11577.

11. The Defendant New You Bariatric Group, LLC was and is an "employer" within the meaning of Title VII and NYSHRL.

12. Upon information and belief, the Defendant Long Island Minimally Invasive Surgery, P.C. d/b/a New York Bariatric Group and the Defendant New You Bariatric Group, LLC are affiliated companies.

13. The Defendant Long Island Minimally Invasive Surgery, P.C. d/b/a New York Bariatric Group is a domestic professional service corporation organized and existing under and by virtue of the laws of the State of New York.

14. The Defendant Long Island Minimally Invasive Surgery, P.C. d/b/a New York Bariatric Group is a domestic professional service corporation authorized to conduct business in the State of New York

15. The Defendant Long Island Minimally Invasive Surgery, P.C. d/b/a New York Bariatric Group's principal place of business in Nassau County, in the State of New York.

16. The Defendant Long Island Minimally Invasive Surgery, P.C. d/b/a New York Bariatric Group's principal executive office is located at 125 Mineola Avenue, Suite 200, Roslyn Heights, New York 11577.

17. The Defendant Long Island Minimally Invasive Surgery, P.C. d/b/a New York Bariatric Group was and is an "employer" within the meaning of Title VII and NYSHRL.

18. Upon information and belief, the Defendant NYBG Management Aggregator, LLC and the New You Bariatric Group, LLC are affiliated companies.

19. The Defendant NYBG Management Aggregator, LLC is a foreign limited liability company organized and existing under and by virtue of the laws of the State of Delaware.

20. The Defendant NYBG Management Aggregator, LLC was and is an "employer" within the meaning of Title VII and NYSHRL.

21. Upon information and belief, the Defendant NYBG Holdings, LLC and the Defendant New You Bariatric Group, LLC are affiliated companies.

22. The Defendant NYBG Holdings, LLC is a foreign limited liability company organized and existing under and by virtue of the laws of the State of Delaware.

23. The Defendant NYBG Holdings, LLC was and is an "employer" within the meaning of Title VII and NYSHRL.

24. Although the Defendant New You Bariatric Group, LLC was Plaintiff's employer of record, the corporate Defendants jointly controlled the aspects of Plaintiff's employment, such as compensation, terms, conditions, privileges of employment.

25. As part of the terms and conditions of Plaintiff's employment with the Defendant New You Bariatric Group LLC, Plaintiff was entitled to an interest in the Defendant NYBG

Management Aggregator, LLC's profits and was entitled to earn up to approximately 0.15% of the fully diluted common equity value of the Defendant New You Bariatric Group LLC.

26. On April 8, 2020, Plaintiff Rodriguez was specifically advised by the Defendant New You Bariatric Group, LLC, via the offer letter, that the details of the equity grant, as part of the terms and conditions of her employment with the Defendant New You Bariatric Group LLC, would be given to her in a separate equity grant agreement.

27. On May 24, 2021, Plaintiff Rodriguez entered into a separate equity grant agreement with the Defendant NYBG Management Aggregator, LLC and NYBG Holdings, LLC related to the equity granted to her as part of the terms and conditions of her employment with the Defendant New You Bariatric Group, LLC.

28. In the above-referenced agreement, Plaintiff Rodriguez was referred to as an "Employee" of the Defendant NYBG Holdings, LLC or one of its subsidiaries.

29. Pursuant to the above-referenced agreement, the Defendant NYBG Holdings, LLC or any of its Subsidiaries could terminate Plaintiff's employment at any time for any reason.

30. Pursuant to the above-referenced agreement, the Employee Units have been issued to Plaintiff in connection with and as part of the compensation and incentive agreements between the Defendant NYBG Holdings, LLC and/or its Affiliates, on the one hand, and Plaintiff, as an Employee, on the other hand.

31. During the entirety of Plaintiff's employment with the Defendant New You Bariatric Group, LLC, the Defendant New You Bariatric Group, LLC, the Defendant Long Island Minimally Invasive Surgery P.C. d/b/a New York Bariatric Group, the Defendant NYBG Holdings, LLC and the Defendant NYBG Management Aggregator, LLC were Plaintiff's "joint employer".

32. The Defendant Shawn Garber, M.D. was and is a shareholder in the Defendant Long Island Minimally Invasive Surgery, P.C. d/b/a New York Bariatric Group.

33. The Defendant Dr. Shawn Garber, M.D. was and is an agent, servant and/or employee of and/or affiliated with the Defendant Long Island Minimally Invasive Surgery, P.C. d/b/a New York Bariatric Group.

34. The Defendant Dr. Shawn Garber, M.D. was and is an agent, servant and/or employee of and/or affiliated with the Defendant New You Bariatric Group, LLC.

35. Upon information and belief, the Defendant Shawn Garber, M.D. was and is a shareholder in the Defendant New You Bariatric Group, LLC.

36. The Defendant Vijay Bachani was and is an agent, servant and/or employee of and/or affiliated with the Defendant Long Island Minimally Invasive Surgery, P.C. d/b/a New York Bariatric Group.

37. The Defendant Vijay Bachani was and is an agent, servant and/or employee of and/or affiliated with the Defendant New You Bariatric Group, LLC.

38. The Defendant Vijay Bachani was and is Chief Operations Officer and/or President of the Defendant New You Bariatric Group, LLC.

39. During the entirety of Plaintiff's employment with the Defendants, the Defendant Dr. Shawn Garber, M.D. had the right to hire, fire, promote, demote, reward, sanction Plaintiff.

40. During the entirety of Plaintiff's employment with the Defendants, the Defendant Vijay Bachani had the right to hire, fire, promote, demote, reward, sanction Plaintiff.

41. During the entirety of Plaintiff's employment with the Defendants, the Defendant Dr. Shawn Garber, M.D. had the right to control the terms and conditions of Plaintiff's employment with the Defendants.

42. During the entirety of Plaintiff's employment with the Defendants, the Defendant Vijay Bachani had the right to control the terms and conditions of Plaintiff's employment with the Defendants.

43. During the entirety of Plaintiff's employment with the Defendants, the Defendant Dr. Shawn Garber, M.D. was Plaintiff's supervisor and/or manager.

44. During the entirety of Plaintiff's employment with the Defendants, the Defendant Vijay Bachani was Plaintiff's supervisor and/or manager.

## STATEMENT OF FACTS

45. Plaintiff is a woman and therefore protected from unlawful employment discriminatory practices under the Title VII and NYSHRL on the basis of her sex/gender.

46. On May 3, 2021, Plaintiff commenced her employment with the Defendants New You Bariatric Group, LLC, Long Island Minimally Invasive Surgery, P.C. d/b/a New York Bariatric Group, NYBG Management Aggregator, LLC and NYBG Holdings, LLC.

47. Plaintiff was initially interviewed by Louann Monahan-Pearce, the former VP of HR by phone.

48. Thereafter, Plaintiff was interviewed via Zoom by the Defendant Vijay Bachani, the COO/President,  on two separate occasions.

49. Subsequently Plaintiff was invited for an in-person interview with the Defendant Dr. Shawn Garber, M.D., Alan Benson, the CFO, and the Defendant Vijay Bachani, the COO/President.

50. Following the successful interviews, Plaintiff was offered the position of VP of Operations, which she accepted.

51. Although the Defendant Vijay Bachani participated in the process of hiring Plaintiff, Plaintiff was known as "Dr. Garber's hire", as opposed to "Vijay's hire" – the two terms commonly used by the Defendants.

52. During her employment, Plaintiff oversaw the operations in various offices commonly known as: Roslyn Heights, Merrick, Riverhead, Hewlitt, West Islip, Islandia, Manhattan, Cortland Manor, West Nyack, Fishkill, Staten Island – in New York; Fairfield and Farmington – in Connecticut; Wayne, Montclair and Paramus – in New Jersey.

53. Plaintiff oversaw approximately fifteen employees, including regional directors, managers and director for call center.

54. As the VP of Operations, Plaintiff Rodriguez oversaw and developed a driven operational model with a strategic vision for continued growth; actively drove progress working closely with front-line staff to foster a constructive, strategic and patient-centric culture; collaborated with CFO and Revenue Cycle to track KPIs through Salesforce and PowerBi to create operational policies; built out services for physicians and acquired outpatient facilities to

sustain services throughout the center's development; lead key Operational functions of Ambulatory Surgery Centers (ASC) with influence over the build-out and administration; spearhead day-to-day operations for over twenty offices with strategic improvement; managed revenue closely with VP of RCM and CFO for all services, developed a network of key relationships and created a strategic vision for cost effective and sustainable operations; championed the development and operational oversight to capture all criteria within the individual locations for patient to obtain approval both clinically and contractually with insurance providers; lead the implementation of a quality improvement initiative.

56. During her employment with the Defendants, Plaintiff's starting compensation was $175,000.00 annually.

57. In addition to the base salary, Plaintiff was provided with incentive units that provided her the ability to earn up to approximately 0.15% of the fully diluted common equity value of the Defendant New You Bariatric Group, LLC.

58. Plaintiff was also entitled to have interest in the profits of the Defendant NYBG Management Aggregator, LLC.

59. Plaintiff was also eligible to participate in the Defendant New You Bariatric Group, LLC's group health insurance plan, whereby said Defendant paid one hundred percent of the monthly premium.

60. Plaintiff was also entitled to twenty-one days of paid vacation and was eligible to participate in 401K.

61. During her employment with the Defendants, Plaintiff was a stellar employee.

62. On August 4, 2021, the Defendant Dr. Shawn Garber, M.D. advised Plaintiff that he thought she was doing "a great job" and that he "really appreciate[d] [her] hard work" and that Plaintiff was "a great asset" to himself and the Defendant Vijay Bachani.

63. Plaintiff satisfactory performed her duties and responsibilities as a VP of Operations, and received positive feedback regarding her outstanding work performance from her superiors and peers.

64. Despite her outstanding work performance, Plaintiff became the target of unlawful discriminatory practices by the Defendants on the basis of her sex/gender.

65. On a regular and pervasive basis, the Defendants caused Plaintiff to work in the workplace that was permeated with discriminatory intimidation, ridicule and insults to the detriment of women.

66. On a regular and pervasive basis, in Plaintiff Rodriguez' presence, the Defendant Vijay Bachani made discriminatory comments disparaging women.

67. By way of example, when Plaintiff was advocating for regional directors, since there was no Revenue Cycle support whatsoever, the Defendant Vijay Bachani inquired from Plaintiff, "**Are you man enough for this?**"

68. Plaintiff Rodriguez found this comment to be highly inappropriate, but was afraid to speak up, in fear of retaliation.

69. The Defendant Vijay Bachani knew said comment made Plaintiff feel extremely uncomfortable and humiliated, yet he continued making discriminatory comments, such as inquiring from Plaintiff if she "**needed Zenax**"

70. Zenax is an anxiety medication that is used to treat anxiety and panic disorders like unexpected extreme fear and tension due to stress.

71. By making said comment, the Defendant Vijay Bachani was suggesting and implying that Plaintiff, who is a woman, is more emotional than a man, and may need anxiety mediation to cope with her emotional well being.

72. The Defendant Vijay Bachani also referred to Plaintiff Rodriguez as the "**woman at the men's table**".

73. The above-referenced comments created a hostile work environment for Plaintiff, which a reasonable person within the same protected class would not be able to tolerate.

74. By making these inappropriate comments, the Defendants discriminated against Plaintiff on the basis of her sex with respect to the conditions and privileges of her employment.

75. The Defendants unlawfully harassed and subjected Plaintiff to inferior conditions and privileges of her employment because she is a woman.

76. During the entirety of Plaintiff's employment, the Defendants maintained no effective complaint or grievance process in place.

77. During the entirety of Plaintiff's employment, there was no anti-harassment training that was offered to its managers or employees.

78. For approximately three months of Plaintiff's employment with the Defendants, there was no HR.

79. In fear of retaliation, and lack of meaningful and responsive procedure for reporting or investigating complaints of discriminatory practices, Plaintiff was left with no avenues to oppose the Defendants' discriminatory practices.

80. During her employment, Plaintiff aided and encouraged other female employees in the exercise and enjoyment of their rights, protected by Title VII and NYSHRL, which the Defendants interfered with.

81. In June 2021, Plaintiff was approached by Lauren Montgomery, analytical manager, regarding the raise she was promised after she had completed the most recent phase of Salesforce implementation.

82. When Plaintiff Rodriguez raised the issue of Ms. Montgomery's raise during her weekly meetings with the Defendant Vijay Bachani and Dr. Garber, M.D., the Defendant Vijay Bachani expressed his open dissatisfaction with giving a raise to Ms. Montgomery, who is a woman.

83. The Defendant Vijay Bachani indicated that Ms. Montgomery used to be his favorite "until she chose to get married" and that "her priorities were no longer NYBG", and that "because she got married anyway, she does not deserve the raise originally discussed".

84. Plaintiff Rodriguez opposed the Defendant Vijay Bachani's discriminatory conduct and insisted that Ms. Montgomery deserved the raise based on the merits, regardless of her sex or marital status.

85. The Defendant Vijay Bachani reluctantly agreed to keep the original promise for a raise, but at a lower amount, than promised.

86. A couple of weeks later, Ms. Montgomery disclosed her pregnancy to Plaintiff Rodriguez, and expressed her concerns about receiving the raise in view of the fact that she was then pregnant.

87. Plaintiff Rodriguez congratulated Ms. Montgomery on her pregnancy and disclosed the same to the Defendant Vijay Bachani when discussing the topic of when Ms. Montgomery's raise would come into effect.

88. When the Defendant Vijay Bachani learned of Ms. Montgomery's pregnancy, he again expressed his disappointment, indicating, "**Oh I knew that!**", "**She threw her life away**", implying pregnancy would interfere with Ms. Montgomery's career goals with the Defendants.

89. He then continued saying that he was "not surprised" and that Plaintiff Rodriguez and Ms. Montgomery "tricked him" and he "knew something like this was going to happen and that "[he] **would have never signed the compensation had he known [Ms. Montgomery] was pregnant**".

90. The Defendant Vijay Bachani continued making discriminatory comments with regard to the protected class Plaintiff belonged to on the basis of her sex.

91. In June 2021, the Defendant Dr. Shawn Garber, M.D. asked Plaintiff about her opinion of Ruby Ramos, the VP of Revenue Cycle.

92. According to Mr. Benson, her immediate superior, she was very good at her job, while according to the Defendant Vijay Bachani, she was not the right fit for the company.

93. The Defendant Vijay Bachani met with Plaintiff prior to the weekly meeting, and opined that Ms. Ramos was "**not emotionally capable as a woman to be in a VP title**" and that she was "**too emotional**".

94. The Defendant Vijay Bachani never made similar comments with regard to men.

95. The Defendant Vijay Bachani continued saying that "**this is why her boyfriend (who is a male) left her, because she could not hold her emotions**"

96. Plaintiff Rodriguez, who is also a woman, found these comments to be highly inappropriate.

97. From her brief introduction to Ms. Ramos, Plaintiff found her to be very educated in Revenue Cycle and very qualified for the job she did.

98. Mr. Benson, Ms. Ramos' immediate supervisor, was satisfied with her qualifications and experience.

99. The only motivation behind the Defendant Vijay Bachani's dissatisfaction with Ms. Ramos was that she was a woman, not a man.

100. In late June 2021, Plaintiff voiced her concerns about the above-referenced issues to Louann Monahan-Pearce, the former VP of HR.

101. Ms. Monahan-Pearce indicated that the Defendant Vijay Bachani disrespected her as well and talked down to her as a professional because she is a woman.

102. In or around July 2021, the Defendant Dr. Garber, M.D. and the Defendant Vijay Bachani informed Plaintiff that Ms. Monahan-Pearce, who is a woman, would be let go as well.

103. The Defendant Vijay Bachani further stated to Plaintiff, "**she (referring to the position of HR) is only here because of private equity requirement**".

104. He continued, "**she is too independent of a woman for her own good and this is why women should not hold such a title**".

105. Plaintiff was later informed that the Defendants were "able to catch" Ms. Monahan-Pearce on some pre-textual grounds and let her go.

106. Plaintiff found the Defendant Vijay Bachani's disparaging comments towards females to be highly inappropriate.

107. With no leadership in Revenue Cycle or HR, the Defendants provided no avenues for Plaintiff to discuss concerns or resolve conflicts.

108. Plaintiff Rodriguez undertook additional responsibilities, was monitoring the billing group email and patients' complaints to offset negative reviews.

109. Plaintiff was told to step in and terminate employees as well as offer training support for billing.

110.   The Defendants continued to interfere with Plaintiff Rodriguez' encouragement of other female employees in the exercise and enjoyment of their rights protected by Title VII and NYSHRL.

111.   In that regard, in October 2021, Plaintiff Rodriguez suggested to the Defendant Dr. Shawn Garber, M.D. and the Defendant Vijay Bachani the candidature of Catherine Farias for the position of the manager for the branch at Roslyn Heights.

112.   Previously, Ms. Farias was the department manager for Surgical coordinators and provided phenomenal support over multiple operational needs.

113.   Plaintiff Rodriguez submitted the change of status for Ms. Farias, which was approved, and signed off to hire three new surgical coordinators and back fill her role.

114.   A week later, during the meeting where the Defendant Vijay Bachani and Plaintiff Rodriguez were present, Ms. Farias came into the office to hand Plaintiff Rodriguez some files.

115.   Ms. Farias was eight months pregnant and was clearly showing.

116.   The Defendant Vijay Bachani looked surprised and asked Plaintiff Rodriguez whether she was "the Catherine" Plaintiff Rodriguez recommended for promotion.

117.   Plaintiff Rodriguez, who selected Ms. Farias based on the merits, and not the pregnancy status, responded affirmatively.

118.   The Defendant Vijay Bachani said, "**I would have never signed that change of status had I known she was pregnant**"

119.    Plaintiff Rodriguez, who is a mother of four, and is a successful woman with years of experience, expressed her surprise and inquired what was the Defendant Vijay Bachani's concern.

120.   The Defendant Bachani responded, "**This is Lauren all over again. She will be unable to make NYBG her priority while being pregnant or with a baby!**"

121.   Plaintiff Rodriguez continued to oppose the Defendant Bachani's discriminatory practices, but her complaints fell on deaf ears.

122.    Although she insisted that Ms. Farias had all the qualifications necessary for the position, she was told to keep the request open for resumes.

123.    In December 2021, after Ms. Farias had the baby, the Defendant Vijay Bachani approached Plaintiff Rodriguez and said, "**I am not moving forward with Catherine's promotion!**".

124.    The Defendant Shawn Garber, M.D. aided and abetted the Defendant Vijay Bachani's above-referenced unlawful discriminatory conduct.

125.    The Defendant Shawn Garber, M.D. knew of the Defendant Vijay Bachani's discriminatory conduct, and acquiesced in such conduct.

126.    The Defendant Shawn Garber, M.D. knew of the Defendant Vijay Bachani's discriminatory conduct, but failed to take immediate and appropriate corrective action.

127.    On January 13, 2022, in retaliation against Plaintiff Rodriguez for opposing the Defendants' discriminatory practices, she was wrongfully terminated in violation of Title VII and NYSHRL on the pre-textual grounds of "restructuring".

128.    The Defendants unlawfully discharged Plaintiff because of her sex.

129.    The Defendants unlawfully discriminated against Plaintiff because of her known association with other women, who belong to the protected class on the basis of their gender.

130.    In further retaliation against Plaintiff, upon information and belief, the Defendants failed to reimburse Plaintiff for the three months worth of expenses she incurred during her employment, and which had been previously approved by the Defendant Vijay Bachani.

131.    In further retaliation against Plaintiff, the Defendants unlawfully terminated Plaintiff's son, who was also employed at the Defendant New You Bariatric Group, LLC, and disputed Plaintiff's request for Unemployment Insurance benefits.

132.    Following Plaintiff's termination, the Defendant Vijay Bachani, who had previously expressed that women are not emotionally capable to be in the VP title, changed the VP title to a substantially lower ranking.

133.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other

compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

134.   As Defendants' conduct has been willful, reckless, outrageous, intentional, and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the jurisdictional limits of all lower Courts.

135.   In further discrimination and retaliation against Plaintiff, the Defendants NYBG Management Aggregator, LLC and NYBG Holdings, LLC breached the agreement they entered into with Plaintiff on May 24, 2021.

136.   Pursuant to the above-referenced agreement, as part of compensation, the Defendants NYBG Management Aggregator, LLC and NYBG Holdings, LLC granted Plaintiff Class C and Class D Units.

137.   Class C Units were to vest on or after May 3, 2022. Class C and D Units were subject to forfeiture. The ¶ 4(a) of the above-referenced agreement provides in pertinent part as follows:

> If the Employee Termination occurs for any reason, then, effective as of the Employee Termination Date and without any further action by [NYBG Holdings, LLC], [NYBG Management Aggregator, LLC], Employee, any of Employee's Affiliates or any other Person, all then Unvested Class C Units and all Class D Units granted hereunder (whether owned by Employee, any of Employee's Affiliates or any other Person) shall immediately be forfeited to the [NYBG Management Aggregator, LLC] and shall cease to be issued and outstanding.

138. As the result of Plaintiff's wrongful termination due to the Defendants' discriminatory and retaliatory practices, the Class C and Class D units granted to Plaintiff were immediately forfeited.

139. The ¶ 4(b) of the above-referenced agreement provides in pertinent part as follows:
> If (i) the Employee Termination occurs as a result of the termination of Employee's employment by Holdco or any of its Subsidiaries for Cause (as defined below) or pursuant to a resignation by Employee at a time when Cause exists (without reference to any cure period in the definition of Cause), or (ii) following the Employee Termination Date, a Disqualifying Event (as defined below) occurs, then effective as of the Employee Termination Date or upon the date on which Holdco or the Company obtains knowledge of the Disqualifying Event, as the case may be, and without any further action by Holdco or the Company, Employee or any of Employee's Affiliates or any other Person, all then Vested Class C Units (whether owned by Employee, any of Employee's Affiliates or any other Person) shall

immediately be forfeited to the Company and shall cease to be issued and outstanding; provided that Vested Class C Units repurchased following the Employee Termination Date pursuant to the provisions of the LLC Agreement, shall be forfeited.

140. Plaintiff Rodriguez was unlawfully terminated by the Defendants in discrimination against her on the basis of her sex, and in retaliation against her for voicing her concerns about sex-based discrimination.

141. Plaintiff Rodriguez performed each and every of her obligations under the above-referenced agreement in good faith. The Defendants NYBG Management Aggregator, LLC and NYBG Holdings, LLC have not, in breach thereof.

142. Due to their wrongful termination of Plaintiff, the Defendants prevented Class C Units granted to Plaintiff from vesting, and being forfeited to the Defendants prematurely.

143. As the result of the Defendants' breach of contract, Plaintiff suffered damages equal to 50,112.93 Class C Units, multiplied by (20% + number of months (TBD) x 1.667%).

144. As the result of the Defendants' breach of contract, Plaintiff suffered damages equal to 53,692.43 Class D-1 Units and 57,669.64 Class D-2 Units of the NYBG Management Aggregator, LLC.

145. As the result of the Defendants' breach of contract, Plaintiff suffered compensatory and consequential damages.

146. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## FIRST CAUSE OF ACTION
### Discrimination in Violation of Title VII

147. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

148. Pursuant to 42 USCS § 2000e-2(a)(1), it shall be an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's sex.

149. Pursuant to 42 USCS § 2000e (m), an unlawful employment practice is established when the complaining party demonstrates that sex was a motivating factor for any employment practice, even though other factors also motivated the practice.

150. The corporate Defendants unlawfully discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her sex, and unlawfully terminated her employment.

151. As the direct and proximate result of these corporate Defendants' unlawful employment practices, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION
### Retaliation in Violation of Title VII

152. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

153. Pursuant to 42 USCS § 2000e-3, it shall be an unlawful employment practice for an employer to discriminate against any of his employees, or to discriminate against any individual because she has opposed any practice made an unlawful employment practice.

154. The corporate Defendants unlawfully retaliated against Plaintiff for opposing the Defendants' discriminatory practices by terminating her employment, refusing to reimburse her for the incurred expenses, disputing Plaintiff's request for Unemployment Insurance benefits, terminating her son's employment and breaching equity grant agreement.

155. As the direct and proximate result of the Defendants' unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION
### Discrimination in Violation of NYSHRL

156. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

157. The NYSHRL §296 (1) provides that it shall be an unlawful discriminatory practice for an employer because of an individual's sex to discharge from employment such individual, or to

16

discriminate against such individual in compensation or in terms, conditions or privileges of employment.

158. Pursuant to Section 9 NYCRR 466(14)(c)(1) where the term unlawful discriminatory practice is used in the Human Rights Law, it shall be construed to prohibit discrimination against an individual because of that individual's known relationship or association with a member or members of a protected category covered under the relevant provisions of the Human Rights Law.

159. Pursuant to 296(6), it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under NYSHRL, or to attempt to do so.

160. The Defendants unlawfully discharged Plaintiff and otherwise discriminated against her on the basis of her sex and known association with other female employees at the Defendant New You Bariatric Group, LLC.

161. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which they are entitled to an award of monetary damages and other relief.

## FOURTH CAUSE OF ACTION
### Hostile Work Environment in violation of NYSHRL

162. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

163. Pursuant to NYSHRL § 296 (1) (h) it shall be an unlawful discriminatory practice for an employer to subject any individual to harassment because of an individual's sex, or because the individual has opposed any practices forbidden under NYSHRL or because the individual has filed a complaint, regardless of whether such harassment would be considered severe or pervasive under precedent applied to harassment claims. Such harassment is an unlawful discriminatory practice when it subjects an individual to inferior terms, conditions or privileges of employment because of the individual's membership in one or more of these protected categories. The fact that such individual did not make a complaint about the

harassment to such employer shall not be determinative of whether such employer shall be liable.

164. Plaintiff's situation at her job was intolerable as a result of the discrimination by the Defendants to which she was subjected, that no reasonable person in Plaintiff's position could be expected to continue working under these conditions.

165. The Defendants unlawfully created a hostile work environment for Plaintiff and subjected her to inferior terms, conditions and privileges of her employment because of her sex.

166. As a direct and proximate result of the Defendants' unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**FIFTH CAUSE OF ACTION**
**Retaliation in Violation of NYSHRL**

167. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

168. The NYSHRL §296 (7) provides that it shall be unlawful discriminatory practice for any person to retaliate or discriminate against any person because she has opposed any practices forbidden by Human Rights Law.

169. The Defendants engaged in an unlawful discriminatory practice by retaliating against the Plaintiff for opposing the Defendants' discriminatory practices by terminating her employment, refusing to reimburse her for incurred expenses, by terminating her son's employment and breaching the equity grant agreement.

170. As a direct and proximate result of the Defendants' unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**SIXTH CAUSE OF ACTION**
**Breach of Contract**

171. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

18

172. The Defendants unlawfully terminated Plaintiff in violation of Title VII and NYSHRL, causing her Class C and Class D units to be forfeited in breach of the equity grant agreement.

173. By virtue of the Defendants' refusal to honor the Agreement and their breach thereof, the Defendants are liable to Plaintiff for breach of contract.

174. The Defendants are in material breach of the equity grant agreement.

175. The Defendants are liable to Plaintiff for the sum described in the contract with statutory interest from the date of said.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

b. An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. Declaring that the Defendants engaged in unlawful employment practices prohibited by the Title VII, and awarding Plaintiff a recovery for damages sustained;

d. Declaring that the Defendants engaged in unlawful employment practices prohibited by the NYSHRL, and awarding Plaintiff a recovery for damages sustained;

e. Declaring that the Defendants discriminated against and retaliated against and terminated Plaintiff on the basis of her sex, and awarding Plaintiff a recovery for damages sustained;

f. Awarding damages to Plaintiff, retroactive to the date of her termination, for all lost wages and benefits resulting from the Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

g. Awarding Plaintiff compensatory damages for her mental and emotional injuries in an amount that exceeds the jurisdictional limit of all lower courts;

h. An award of prejudgment and post-judgment interest;

i. An award of punitive damages where applicable;

j.  An award of costs and expenses of this action together with reasonable attorneys' and expert

     fees;

k.  Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the FRCP, Plaintiff demands a trial by jury.

Dated: September 9, 2022
　　　　New York, New York

Respectfully submitted,

Akin Law Group PLLC

*/s/ Olena Tatura*

_____
Olena Tatura, Esq. 45
Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
olena@akinlaws.com
*Counsel for Plaintiff*